1 | ANDRE BIROTTE JR.
United States Attorney
2 | ROBERT E. DUGDALE
Chief, Criminal Division
3 | ELIZABETH CARPENTER(SBN 243460)
ABIGAIL W. EVANS (SBN 249629)
4 | XOCHITL D. ARTEAGA (SBN 227034)
KEVIN L. ROSENBERG (SBN OH 81448)
5 | Assistant United States Attorneys
       1500 United States Courthouse
6 |    312 North Spring Street
       Los Angeles, California 90012
7 |    Telephone:  (213) 894-0347/0703
       Facsimile:  (213) 894-3713
8 |    E-mail: elizabeth.carpenter@usdoj.gov
               abigail.w.evans@usdoj.gov
9 |            Xochitl.arteaga@usdoj.gov

10 | Attorneys for Plaintiff
UNITED STATES OF AMERICA

11 |

                    UNITED STATES DISTRICT COURT

12 |

                FOR THE CENTRAL DISTRICT OF CALIFORNIA

13 |

                         CRIMINAL DIVISION

14 |

UNITED STATES OF AMERICA, )    No. CR 09-466-R
15 |                          )
             Plaintiff,   )    ORDER DENYING DEFENDANT'S MOTION
16 |                          )    TO COMPEL SPECIFIC PERFORMANCE OF
             v.           )    THE PLEA AGREEMENT CONCERNING THE
17 |                          )    2005 INDICTMENT (Doc. No. 611)
JOSE ALFARO, et al.,      )    AND FINDINGS THERETO
18 |                          )
             Defendants.  )
19 | _____ )

20 |

21 |      Having heard from plaintiff, the United States of America,

22 | by and through its counsel of record, the United States Attorney

23 | for the Central District of California, and defendant JOSE

24 | ALFARO, by and through the authorized representative of his

25 | counsel of record, James Cooper, at a hearing held before this

26 | Court on September 16, 2010, and good cause appearing, the Court

27 | hereby FINDS AS FOLLOWS :

28 |

1        1.   The Court read and considered Jose Alfaro's Motion for

2   Specific Performance of the Plea Agreement (Doc. No. 611), and

3   the government's opposition thereto.

4        2.   The Court, after carefully considering the pleadings,

5   declarations and documents filed by the parties, as well as the

6   argument presented at the hearing, orally denied the defendant's

7   Motion for Specific Performance of the Plea Agreement.  This

8   Order will supplement the Court's oral ruling denying the motion.

9   In connection with this Order, the Court makes the following

10  Findings of Fact and Conclusions of Law.

11       3.   On September 16, 2010, this Court held a hearing on the

12  motion.  Defendant appeared in person with his counsel of record.

13  After affording the parties opportunity for argument, the Court

14  denied defendant's Motion for Specific Performance of the Plea

15  Agreement.

16       4.   The Court finds that the plea agreement entered into

17  between the government and the defendant in 2005 stipulated that

18  the defendant would not be further prosecuted for violations of

19  Title 21 United States Code §841(a)(1) arising out of the

20  possession of the additional controlled substances seized from

21  the defendant's home on the day of his arrest, September 7, 2005.

22       5.   The Court finds that Alfaro was neither charged with,

23  nor pled guilty to, any conspiracy charges in the prior

24  indictment.  Further, the plea agreement specifically stated that

25  the government was free to prosecute defendant for any past

26  unlawful conduct.

27       6.   The Court considered United States v. Persico, 774 F.2d

28

1   30 (2nd Cir. 1985) and finds that the government was under no

2   obligation to advise the defendant about an ongoing racketeering

3   investigation.  The government was only required to advise the

4   defendant of the direct consequences of a guilty plea to the

5   charges to which he was pleading guilty.

6        7.   The Court considered <u>United States v. Bogart</u> 783 F.2d

7   1428 (9th Cir. 1986) and finds that to warrant a due process

8   dismissal, the government's conduct must be so grossly shocking

9   and so outrageous as to violate the universal sense of justice.

10       8.   The Court finds that defendant has pointed to no

11  conduct on the part of the government that meets this standard.

12  The Court further finds that disclose of the government's

13  investigation would not only have compromised an ongoing

14  investigation, but also would have serious safety implications

15  for its informants and those involved.

16       THEREFORE, FOR GOOD CAUSE SHOWN:

17       IT IS HEREBY ORDERED that defendant Jose Alfaro's Motion to

18  Compel Specific Performance of the Plea Agreement is denied.

19

20       IT IS SO ORDERED.

21

22  10/05/10_____        _____
    DATE                     THE HONORABLE MANUEL REAL
                             UNITED STATES DISTRICT JUDGE
23

24

    Presented by:
25

26     /s/_____
    Kevin L. Rosenberg
27  Department of Justice

28

                                3