ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Chief, Criminal Division
ELIZABETH CARPENTER(SBN 243460)
ABIGAIL W. EVANS (SBN 249629)
XOCHITL D. ARTEAGA (227034)
Assistant United States Attorneys
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:  (213) 894-0347/0703
     Facsimile:  (213) 894-3713
     E-mail: elizabeth.carpenter@usdoj.gov
             abigail.w.evans@usdoj.gov
             Xochitl.arteaga@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                             )<br>          Plaintiff,        )<br>                             )<br>     v.                      )<br>                             )<br>JOSE ALFARO, et al.,         )<br>                             )<br>          Defendants.        )<br>_____) | No. CR 09-466-R<br><br>ORDER DENYING DEFENDANTS' MOTION TO SUPPRESS EVIDENCE DERIVED FROM DEFECTIVE WIRETAP ORDERS THAT FAIL TO IDENTIFY PARTICULAR EVIDENCE TO BE SEIZED FINDINGS THERETO |

Having heard from plaintiff, the United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, and defendant ALEX SANCHEZ, by and through the authorized representative of his counsel of record, Kerry Bensinger, at a hearing held before this Court on September 16, 2010, and good cause appearing, the Court

///

hereby FINDS AS FOLLOWS :

1.  The Court read and considered Alex Sanchez's Motion to Suppress Evidence Derived from Defective Wiretap Orders That Fail to Identify Particular Evidence to Be Seized filed on July 30, 2010, the government's opposition, and defendants' reply thereto.

2.  On September 16, 2010, this Court held a hearing on the motion. Defendant appeared in person with his counsel of record. After hearing argument from the parties, the Court denied defendants' Motion to Suppress. The Fourth Amendment's particularity requirement is satisfied if a wiretap order identifies (1) the telephone line to be tapped and (2) the particular conversations to be seized. <u>United States v. Licavoli</u>, 604 F.2d 613, 620 (9th Cir. 1979). A wiretap order satisfies Title III's particularity requirement if it recites "the elements of the statutory offense to which the communications sought to be intercepted would relate." <u>United States v. Carneiro</u>, 861 F.2d 1171, 1179 (9th Cir. 1988). Here, the orders list the telephone lines to be tapped and the elements of the offenses to which the communications sought to be intercepted would relate. No further specificity was required under the Fourth Amendment or Title III. Further, when there is probable cause to believe that a particular telephone is being used to commit an offense but no particular person is identifiable, a wire interception order may, nevertheless, properly issue. <u>United States v. Kahn</u>, 415 U.S. 143, 157 (1974). Finally, once a wiretap order complies with the requirements of the fourth amendment and Title III, it may be formulated in a

1 manner broad enough to allow interception of any statements
2 concerning a specified pattern of crime.  <u>Licavoli</u>, 604 F.2d at
3 620.
4 THEREFORE, FOR GOOD CAUSE SHOWN:
5       IT IS HEREBY ORDERED that defendants' Motion to Suppress
6 Evidence Derived from Defective Wiretap Orders That Fail to
7 Identify Particular Evidence to Be Seized is denied.

       IT IS SO ORDERED.

10-06-10
DATE                            THE HONORABLE MANUEL REAL
                                UNITED STATES DISTRICT JUDGE

Presented by:

  /s/
XOCHITL D. ARTEAGA
Assistant United States Attorney