James P. Cooper III (SBN 125412)
Attorney at Law
5777 W. Century Boulevard, Suite 750
Los Angeles, California 90045
(310) 642-8800
(310) 642-9903 (Fax)
Email address: trialanimal@sbcglobal.net

Attorney for Defendant Jose Ricardo Alfaro


UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:09-CR-00466-DSF-1 |
| Plaintiff, | STATEMENT IN RESPONSE TO COURT'S ORDER REGARDING SENTENCING |
| vs. | Date:  February 4, 2013 |
| JOSE ALFARO, et al., | Time:  8:30 a.m. |
| JOSE ALFARO – DEF. NO. 1 | Place: Courtroom 840 (Roybal) |
| Defendant(s). | HONORABLE DALE S. FISCHER |

TO THE HONORABLE DALE S. FISCHER, UNITED STATES DISTRICT

JUDGE; ANDRÉ BIROTTE, UNITED STATES ATTORNEY FOR THE CENTRAL

DISTRICT OF CALIFORNIA AND/OR HIS AUTHORIZED REPRESENTATIVES:

Pursuant to the Court's Order filed on January 2, 2013,

defendant Jose Alfaro ("Alfaro") hereby submits the following

Guidelines information[1] applicable to the instant case.

---

[1] This memorandum includes information before the consideration of
a downward departure that Alfaro has moved for in a separate
pleading.  Alfaro moves the court to follow the sentencing
recommendations he has asserted in his sentencing memorandum.

In addition to the aforementioned minute order, this pleading is based on the points and authorities in support thereof, the pleadings and other papers in the court file, and on such other oral and documentary evidence that may be presented at the sentencing hearing.

January 19, 2013          Respectfully submitted,


_James P. Cooper III /s/_
James P. Cooper III
Attorney for Defendant Jose Alfaro

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I**

**GUIDELINE FACTORS**

On December 6, 2012, Alfaro pled guilty to Count 1 of the Indictment, charging a violation of 18 U.S.C. § 1962(d), to wit, RICO conspiracy.

**A.  Offense Level**

Under the terms of the plea agreement, the base offense level and the adjusted offense level is 32.  Paragraph 13 of the plea agreement provides the following:

| | | | |
|---|---|---|---|
| Narcotics Trafficking | | | |
| Base Offense Level | : | 32 | [U.S.S.G. §§ 2E1.1(a)(2) 2D1.1(a)(5) & (c)(4)] |
| Adjusted Offense Level | : | 32 | |
| | | | |
| Extortion | | | |
| Base Offense Level | : | 18 | [U.S.S.G. § 2E1.1(a)(1), 2B3.2(a)] |
| Threat of Bodily Injury | : | +2 | [U.S.S.G. § 2B3.2(b)(1)] |
| Adjusted Offense Level | : | 20 | |
| | | | |
| Multiple Count Adjustment | : | +0 | [U.S.S.G. § 3D1.4] |
| Resulting Adjusted Total Offense Level | : | 32 | |

After reduction for acceptance of responsibility, the total offense level is **29**.  (See U.S.S.G. § 3E1.1.)

//

//

//

//

**B.  Criminal History Category**

Alfaro contends that he has five criminal history points, which places Alfaro in Criminal History Category III. The probation officer has opined that Alfaro may have eight (8) Criminal History points, which would place him in Criminal History Category IV. However, the probation officer has noted that the three criminal history points that he has assessed against Alfaro for the convictions in Case No. 2:05-CR-00677-R may not apply pursuant to U.S.S.G. § 4A1.2(a)(1) and/or Application Note 4 of U.S.S.G. § 2E1.1. Since Alfaro's previously imposed sentence resulted from a conviction that occurred <u>after</u> the last overt act, pursuant to Application Note 4 to § 2E1.1, it should not be treated as a prior sentence under § 4 A1.2(a)(1). Thus, Alfaro has five (5) criminal history points, which would place him in Category III.

**C.  Custody and Advisory Guideline Sentence Range**

The guideline range for a total offense level of 29 and a criminal history category of III is 108-135 months.

Pursuant to 18 U.S.C. §§ 1962(d), 1963, and 3559, the statutory maximum sentence is life imprisonment, Class A Felony.

//

**D.    Impact of Plea Agreement**

The parties have signed a plea agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).  If the decides to accept the plea agreement, the maximum possible prison sentence is forty-two (42) months.

**E.    Supervised Release**

a.   Guideline Provisions

Supervised release is recommended if the court imposes a sentence of at least one year or if supervised release is mandated by statute.  U.S.S.G. § 5D1.1(a).

Pursuant to U.S.S.G. § 5D1.2(b), the court must place Alfaro on supervised release for a minimum of five years.

b.   Statutory Provisions

Pursuant to 18 U.S.C. §§ 1962(d), 1963, and 3559, the court must place Alfaro on supervise release for a minimum of five years.

The court is required to impose a minimum period of incarceration for a violation of 18 U.S.C. § 1962(d).

Pursuant to 18 U.S.C. §§ 3583(d) and 3563(a)(5), the court impose an explicit drug testing condition unless the court finds a low risk of future substance abuse.

//

**F.    Probation**

Alfaro is not eligible for probation under U.S.S.G. §
5B1.1(b)(1), because he has been convicted of a Class A Felony.

Alfaro is not eligible for probation by statute under 18
U.S.C. § 3561(a)(1), because he has been convicted of Class A
Felony.

**G.    Fines**

Under the Guideline Provisions of U.S.S.G. § 5E1.2, the
fine ranges from $15,000 to $150,000.  However, if the defendant
is unable to pay a fine, the court does not have to impose a
fine upon the defendant.

Pursuant to 18 U.S.C. § 3571(b)(3), the maximum fine is
$250,000.

Pursuant to 18 U.S.C. § 3013, there is a mandatory special
assessment of $100.

**H.    Restitution**

Restitution is not an issue in this case.

**I.    Denial of Federal Benefits**

Pursuant to U.S.S.G. § 5F1.6, the Court may deny
eligibility for certain Federal benefits of any individual
convicted of distribution or possession of a controlled
substance.

Pursuant to 21 U.S.C. § 862(a)(1)(A), upon the first conviction for distribution of a controlled substance, the Court may declare the defendant is ineligible for certain Federal benefits for up to five (5) years after such conviction.

**J.   Factors That May Warrant Departure.**

Please review the sentencing memorandum that Alfaro electronically filed on January 16, 2013, Document Number 1306.

**K.   Factors That May Warrant A Sentence Outside The**
      **Advisory Guidelines System**

Please review the sentencing memorandum that Alfaro electronically filed on January 16, 2013, Document Number 1306.

**L.   Terms and Conditions of Supervised Release**

The following terms and conditions apply in this case:

a.    The defendant shall comply with the rules and regulations of the U.S. Probation Office and General Order 05-02;

b.    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer;

c.    The defendant may not associate with anyone known to him as to be a Mara Salvatrucha gang member or persons associated with the Mara Salvatrucha gang, with the exception of his family members. He may not knowingly wear, display, use or possess any Mara Salvatrucha gang insignia, emblems, badges, buttons, caps, hats, jackets, shoes, or any other clothing, which evidences affiliation with the Mara Salvatrucha gang, and

may not knowingly display any Mara Salvatrucha
signs or gestures;

d.     As directed by the Probation Officer, the
defendant shall not be present in any area known
to him to be a location where members of the Mara
Salvatrucha gang meet and/or assemble.

e.     During the period of community supervision the
defendant shall pay the special assessment in
accordance with this judgment's orders pertaining
to such payment; and

f.     The defendant shall cooperate in the collection
of a DNA sample from the defendant.

### CONCLUSION

Notwithstanding the above-stated Guideline range, Alfaro
moves this court to impose a sentence of time served with a two
year term of supervised release.


January 19, 2013            Respectfully submitted,



                            *James P. Cooper III /s/*
                            James P. Cooper III
                            Attorney for Defendant Jose Alfaro

JOSE ALFARO – GUIDELINE FACTORS - 8